RUSSELL T. MONAHAN USB NO. 9016
COOK & MONAHAN, LLC.
Attorney for Petitioner
323 South 600 East, Suite 200
Salt Lake City, Utah 84102
Telephone: (801) 595-8600
Telefax: (801) 595-8614
E-Mail: russ@cooklawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| NAGENDRA SINGH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DISH NETWORK LLC, ECHOSPHERE LLC, and SLING T.V. LLC,<br><br>　　　　Defendants | **COMPLAINT**<br><br><br>Case No: 2:18-cv-00856-BCW<br><br>Judge<br>Magistrate Judge: Brooke C. Wells |

The Plaintiff, Nagendra Singh, by and through his counsel, Russell T. Monahan, hereby complains against the Defendants for cause of action as follows:

GENERAL ALLEGATIONS

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et. seq., as amended, for employment discrimination. Jurisdiction is specifically conferred upon this Court under and by virtue of 42 U.S.C. § 2000e(5).

Equitable and other relief are also sought under 42 U.S.C. § 2000e5(g). Jurisdiction is also conferred upon this Court under and by virtue of 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. §§ 1981 et. seq.

2. The Plaintiff is currently a resident of New Delhi, India.

3. The Defendant, Dish Network LLC, is a Colorado for-profit company doing business in the State of Utah at 796 East Utah Drive, American Fork, UT 84003.

4. Venue is proper in the Central Division under 28 U.S.C. § 1391(b) in that the Defendant does business within the Central Division and a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred in such district.

5. At all times herein material, the Plaintiff was a member of a protected class under Title VII. The Plaintiff is of Indian nationality and Southwest Asian race.

6. At all times herein material, the Defendant was an employer within the meaning of Title VII.

7. Plaintiff moved to the United States of America in 2013 to obtain his Masters in Information Systems.

8. Plaintiff was hired in 2016 by SlingTV (Echosphere) which merged with DISH in 2017 (referred hereinafter together as Defendant).

9. As a result of the merger, Defendant directly employed the Plaintiff on or about March 1, 2017.

10. Plaintiff worked for the Defendant under a H-1B Visa.

11. The Plaintiff performed his job as a Staff Engineering Program Manager in a satisfactory manner.

12. Throughout the Plaintiff's employment with the Defendant, the Defendant maintained a hostile work environment by allowing co-workers and supervisors to engage in discriminatory harassment of the Plaintiff and other similarly situated employees. These actions included but were not limited to:

    a. Making derogatory comments such as:

        i. Refusing to use the Plaintiff's name and instead referring to him as "Steve";

        ii. Telling Plaintiff that he looked like a drug lord;

        iii. Telling Plaintiff that slavery still existed in Corporate America.

    b. Gaslighting the Plaintiff into believing that

        i. The Plaintiff had become overly emotional over a short period of time;

        ii. The Plaintiff lacked authority or responsibility on projects;

    c. Yelling at Plaintiff that he

    d. Yelling at Plaintiff and insinuating that the Plaintiff failed to perform necessary tasks or that the tasks that the Plaintiff performed were inadequate.

13. Throughout January and early February, 2018, the Plaintiff made verbal complaints to his manager, however, there was no change in the work environment.

14. On February 8, 2018, Plaintiff made a formal complaint of discrimination to the Human Resources Department complaining of discrimination.

15. On February 13, 2018, after the Plaintiff filed his complaint with H.R., Plaintiff found his job responsibilities cut in half by his manager. Plaintiff reported this job action to H.R.

16. Plaintiff also noted that his co-workers stopped communicating with Plaintiff.

17. On March 30, 2018, Plaintiff was demoted to the title of Scrum Master, a position significantly below the Plaintiff's skills and qualifications.

18. On April 13, 2018 Plaintiff was informed that he was suspended pending termination. Plaintiff was terminated on April 16, 2018.

19. On May 3, 2018, Plaintiff filed a charge of discrimination with the Utah Antidiscrimination and Labor Division.

20. Because the Plaintiff was terminated from his employment with the Defendant, Plaintiff's Visa status was changed and the Plaintiff was required to leave the United States within sixty days.

21. Plaintiff noted that the Defendant had a pattern of hiring employees that were less qualified than available U.S. counterparts through the H-B1 program.

22. Plaintiff observed that the Defendant would then treat the H-B1 employees with less respect and expected greater production compared to their U.S. employees.

23. On August 7, 2018, the United States Equal Employment Opportunity Commission issued a Right To Sue Letter authorizing the Plaintiff to initiate proceedings

in an appropriate court of competent jurisdiction.  A copy of said notice is attached hereto as Exhibit A and incorporated by reference herein.

### FIRST CAUSE OF ACTION
### Hostile Work Environment

24. The Plaintiff incorporates by reference paragraphs 1 through 23 above as if specifically set forth herein.

25. The foregoing actions constitute discrimination and unlawful employment practices under Title VII.

26. As a direct and proximate result of the Defendant's wrongful conduct, the Plaintiff has suffered loss of income to date, plus interest, in an amount uncertain to date, but in an amount to be demonstrated at trial.  The Plaintiff is entitled to reinstatement and back pay; and, in the alternative, in the event that reinstatement is not a viable remedy, the Plaintiff is entitled to front pay in an amount to be determined at trial.

27. As a further direct and proximate result of the Defendant's wrongful conduct, the Plaintiff suffered severe emotional distress and anguish, all to his damage in the amount of $200,000.00, or such other amount as may be demonstrated at trial.

28. The Plaintiff is entitled to affirmative injunctive relief prohibiting the Defendant from discriminating against individuals on the basis of their race.

29. The acts of the Defendant were willful, wanton, and in reckless disregard of the Plaintiff's rights, and the Plaintiff is entitled to punitive damages in the amount of $200,000.00, or such other amount as may be demonstrated at trial.

30. The Plaintiff is entitled to reasonable attorney's fees and costs of court.

WHEREFORE, the Plaintiff prays for relief and judgment against the Defendant as more particularly set forth herein.

## SECOND CAUSE OF ACTION
### Discrimination

31. The Plaintiff incorporates by reference paragraphs 1 through 30 above as if specifically set forth herein.

32. The Defendant discriminated against the Plaintiff by changing his work assignments. On April 16, 2018, Defendant discriminated against the Plaintiff by terminating the Plaintiff because of his race and nationality.

33. The foregoing actions constitute discrimination and unlawful employment practices under Title VII.

34. As a direct and proximate result of the Defendant's wrongful conduct, the Plaintiff has suffered loss of income to date, plus interest, in an amount uncertain to date, but in an amount to be demonstrated at trial. The Plaintiff is entitled to reinstatement and back pay; and, in the alternative, in the event that reinstatement is not a viable remedy, the Plaintiff is entitled to front pay in an amount to be determined at trial.

35. As a further direct and proximate result of the Defendant's wrongful conduct, the Plaintiff suffered severe emotional distress and anguish all to his damage in the amount of $200,000.00 or such other amount as may be demonstrated at trial.

36. The Plaintiff is entitled to affirmative injunctive relief prohibiting the Defendant from discriminating against individuals on the basis of their race.

37. The acts of the Defendant were willful, wanton and in reckless disregard of the Plaintiff's rights, and the Plaintiff is entitled to punitive damages in the amount of $200,000.00, or such other amount as may be demonstrated at trial.

38. The Plaintiff is entitled to reasonable attorney's fees and costs of court.

## THIRD CAUSE OF ACTION
### Retaliation

39. The Plaintiff incorporates by reference paragraphs 1 through 38 above as if specifically set forth herein.

40. The Plaintiff made multiple complaints of discrimination to the Defendant both before and after February 8, 2018.

41. At all times relevant, the Plaintiff's actions were protected activities under § 2000e-3(a).

42. The Defendant retaliated against the Plaintiff by changing his work assignments. On April 16, 2018, the Defendant retaliated against the Plaintiff by terminating the Plaintiff because of his race and nationality.

43. The foregoing actions constitute retaliation and are unlawful employment practices under Title VII.

44. As a direct and proximate result of the Defendant's wrongful conduct, the Plaintiff has suffered loss of income to date, plus interest, in an amount uncertain to date, but in an amount to be demonstrated at trial. The Plaintiff is entitled to reinstatement and back pay; and, in the alternative, in the event that reinstatement is not a viable remedy, the Plaintiff is entitled to front pay in an amount to be determined at trial.

45. As a further direct and proximate result of the Defendant's wrongful conduct, the Plaintiff suffered severe emotional distress and anguish, all to his damage in the amount of $200,000.00, or such other amount as may be demonstrated at trial.

46. The Plaintiff is entitled to affirmative injunctive relief prohibiting the Defendant from discriminating against individuals on the basis of their race.

47. The acts of the Defendant were willful, wanton and in reckless disregard of the Plaintiff's rights, and the Plaintiff is entitled to punitive damages in the amount of $200,000.00, or such other amount as may be demonstrated at trial.

48. The Plaintiff is entitled to reasonable attorney's fees and costs of court.

WHEREFORE, the Plaintiff prays for relief and judgment against the Defendant as follows:

1. For reinstatement and back pay, plus interest thereon at the appropriate legal rate; and, in the alternative, in the event that reinstatement is not a viable remedy, the Plaintiff is entitled to front pay in an amount to be determined at trial.

2. For general damages in the amount of $200,000.00, or such amount demonstrated at trial.

3. For punitive damages in the amount of $200,000.00 or such amount demonstrated at trial.

4. For injunctive relief prohibiting the Defendant from violating Title VII.

5. For interest, costs of court and a reasonable attorney's fee.

6. For such other and further relief as the Court may deem fitting and proper in the premises.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury.

DATED: October 31, 2018.

                                           /S/Russell T. Monahan\_\_\_
                                           RUSSELL T. MONAHAN
                                           Attorney for Plaintiff