# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NAGENDRA SINGH,<br><br>    **Plaintiff,**<br><br>v.<br><br>DISH NETWORK, LLC, ECHOSPHERE, LLC, AND SLING T.V. LLC,<br><br>    **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:18-cv-00856-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff Nagendra Singh's Motion to Set Aside Judgment Under Rule 60(b)(3) and (b)(6). The parties have fully briefed the motion, and the court concludes that oral argument would not significantly aid in its determination of the motion. Therefore, based on the memoranda submitted by the parties and the law and facts relevant to the motion, the Court issues the following Memorandum Decision and Order.

## BACKGROUND

In October 2018, Nagendra Singh ("Singh") filed suit against DISH Network, LLC, Echosphere, LLC, and Sling T.V. LLC (collectively, "DISH"), asserting various claims under Title VII of the Civil Rights Act of 1964 based on his prior employment with DISH. In response to Singh's Complaint, DISH filed a Motion to Dismiss and Compel Arbitration, claiming that, as a part of Singh's employment, he had signed an arbitration agreement which required that any and all claims related to his employment with DISH be resolved by arbitration. On July 11, 2019, the court granted DISH's motion. The court determined that DISH had produced sufficient evidence of a valid arbitration agreement between DISH and Singh. Accordingly, the court dismissed Singh's complaint with prejudice.

**DISCUSSION**

Singh now requests that the court set aside the judgment dismissing his complaint pursuant to rules 60(b)(3) and 60(b)(6) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 60(b) provides that a "court may relieve a party . . . from a final judgment . . . for . . . (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3), (6). Importantly, "Rule 60(b) relief 'is extraordinary and may only be granted in exceptional circumstances.'" *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)). As such, "[p]arties seeking relief under Rule 60(b) have a high[] hurdle to overcome." *Id.* (quoting *Cummings v. General Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004)).

In order to obtain relief under Rule 60(b)(3), the moving party must "clearly substantiate" their claim by providing "'clear and convincing proof' of fraud, misrepresentation, or misconduct." *Id.* 1290 (quoting *Cummings*, 365 F.3d at 955). To make such a showing, the moving party must demonstrate that the non-moving party "acted with 'an intent to deceive or defraud the court,' by means of a 'deliberately planned and carefully executed scheme.'" *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (quoting *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995)). Significantly, "[s]ubsection (b)(3) 'is aimed at judgments which were unfairly obtained, not at those which are factually incorrect.'" *Zurich*, 426 F.3d at 1290 (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)).

Despite the relatively high bar required for a moving party to obtain relief under Rule 60(b)(3), "relief is even more difficult to attain" under Rule 60(b)(6). *Yapp*, 186 F.3d at 1232.

2

Relief under Rule 60(b)(6) is "appropriate only 'when it offends justice to deny such relief.'" *Id.* (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996)); *see also Kile v. United States*, 915 F.3d 682, 687 (10th Cir. 2019), *as corrected* (Feb. 15, 2019) ("[A] district court may grant a Rule 60(b)(6) motion 'only in extraordinary circumstances and only when necessary to accomplish justice.'" (quoting *Cashner*, 98 F.3d at 579)).

In this case, Singh contends that although DISH moved to dismiss his complaint and compel arbitration, it has failed to actually initiate arbitration. Accordingly, Singh avers that DISH misrepresented its intentions to have this case heard by an arbitrator, and he now asks that the court issue an order requiring DISH to initiate arbitration.

Conversely, DISH contends that it has no obligation to initiate arbitration, but that Singh, as the aggrieved party, is required to initiate arbitration proceedings. Under the Federal Arbitration Act ("FAA"), after a court determines that a party has refused to arbitrate in accordance with a written arbitration agreement, "the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof." 9 U.S.C. § 4. DISH claims that this is precisely what the court did when it issued its Memorandum Decision and Order granting DISH's Motion to Dismiss and Compel Arbitration—*i.e.*, ordered Singh to submit his claims to arbitration. *See* Mem. Decision and Order, ECF No. 26. Moreover, in support of denying Singh's motion, DISH cites the relevant portion of the arbitration agreement, which provides:

> A Party who wishes to arbitrate a Claim must prepare a written demand for arbitration ("Request for Arbitration") that identifies the claims asserted, the factual basis for each claim, and the relief and/or remedy sought. That Party must file the Request for Arbitration — along with a copy of this Agreement and the applicable filing fee — with the AAA by (i) delivering them by hand to any office of the AAA; (ii) mailing them by certified U.S. mail, Federal Express or United Parcel Service to American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043; or (iii) using the AAA WebFile feature at the

> AAA's website: www.adr.org. The Request for Arbitration must be submitted to the AAA before the expiration of the applicable statute of limitations and the parties agree that the date the Request for Arbitration is received by AAA shall constitute submission for all statute of limitation purposes . . . .

Arbitration Agreement at ¶ 2. The arbitration agreement further specifies that arbitration will be conducted "pursuant to the AAA's Employment Arbitration Rules and Procedures," *id.* at ¶ 4, and those rules provide that the "initiating party" or the "Claimant" is to "[f]ile a written notice . . . of its intention to arbitrate," *see* AAA Employment Arbitration Rules and Mediation Procedures 4(b)(i)(1). Under these provisions, DISH contends that Singh is the party that must initiate arbitration, not DISH.

In light of the above arguments, the court is unpersuaded to set aside the judgment dismissing Singh's case. First, when DISH moved to dismiss Singh's Complaint and compel arbitration, it specifically asked the court to "order Singh to arbitrate his claims" and "given that all of Singh's clams are subject to arbitration . . . dismiss Singh's Complaint." Mot. to Dismiss and Compel Arbitration at 7–8, ECF No. 8. Accordingly, when the court granted DISH's motion, not only did it dismiss Singh's Complaint, but it also served as an order directing Singh to submit his claims to arbitration. Singh's present motion makes clear that he misinterpreted the relief sought by DISH and the relief granted by this court. In sum, DISH specifically sought an order requiring Singh to arbitrate his claims, not a general request for the parties to submit to arbitration.

Second, to order DISH to now initiate the arbitration proceedings would be to ignore Singh's original failure to follow the arbitration agreement that he signed. The arbitration agreement provides that any claim arising out of or related to Singh's employment with DISH must be resolved by arbitration. Arbitration Agreement at ¶ 1. Singh failed to abide by that agreement when he filed suit in this court. Nevertheless, Singh argues that he did not want his

4

claims arbitrated.  Specifically, he points to language in the second paragraph of the arbitration agreement, which provides that "[a] Party who wishes to arbitrate a Claim must prepare a written demand . . . ."  Arbitration Agreement at ¶ 2.  Because Singh contends that he did not "wish[] to arbitrate" his claims, he argues that he should instead be allowed to have his claims heard by this court.  The issue with Singh's argument, however, is that it detaches the second paragraph of the arbitration agreement from the first paragraph.  Because the first paragraph requires an employee to submit all employment-related claims to arbitration, the only way for an employee to have their claims heard is if he or she "wishes to arbitrate."  Otherwise, the employee would be left with no forum where his or her claims could be heard.  Thus, whether Singh wanted to arbitrate his claims or not, arbitration is the only medium through which his claims can now be heard.

Third, the plain language of the arbitration agreement implies that the aggrieved party must be the one to initiate arbitration.  For the arbitration process to commence under the terms of the agreement, one of the parties "must prepare a written demand for arbitration . . . that identifies the claims asserted, the factual basis for each claim, and the relief and/or remedy sought."  Arbitration Agreement at ¶ 2.  The court is convinced that the party raising claims, articulating the factual basis for those claims, and seeking a specific remedy must be the aggrieved party because to conclude otherwise would lead to the impractical and illogical result of the non-aggrieved party identifying and establishing claims against itself.  Because such a result would be absurd, the court concludes that pursuant to the terms of the arbitration agreement, Singh, as the aggrieved party, must be the one to initiate arbitration proceedings.

Fourth, independent of the court's first three reasons for denying Singh's motion, Singh has failed to satisfy the standards necessary to obtain relief under Rule 60(b)(3) and (b)(6).  Singh has neither produced proof—let alone clear and convincing proof—of fraud,

5

misrepresentation, or misconduct, nor has he demonstrated that denying him relief would offend the principles of justice. Accordingly, Singh's motion must be denied.

## CONCLUSION

Based on the foregoing reasoning, Singh's Motion to Set Aside Judgment Under Rule 60(b)(3) and (b)(6) is hereby DENIED, and this case will remain closed. The court directs Singh to submit his claims to arbitration.

Dated this 12th day of November, 2019.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge